### Martin, et al. v. Mahan Jellico Coal Company.

(Decided October 21, 1924.)

### Appeal from Whitley Circuit Court.

Master and Servant—Under Wage Agreement, Fines for Closing Mine Held Not Payable until Notice Given.—Under wage agreement wherein mine company was to pay fine of $2.00 per day to each employee for time mine was closed by it due to dispute, held, that fines were not payable by company, and action could not be maintained therefor by employees until ten days' official

notice had been given in writing by referee, and petition should allege such notice.

R. L. POPE and R. C. BROWNING for appellants.

TYE & SILER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On April 13, 1920, the operators and miners of southeastern Kentucky entered into a wage agreement which was to continue until March 31, 1922. Under the head of "Discipline" are contained the following provisions:

"It is understood that no mine committee or employe has the right under this agreement to stop work to adjust any grievances or call a strike at any mine under any circumstances whatever.

"In the event a sufficient number of employes engage in a strike to compel the suspension of work in a mine, or in any part of a mine, it is distinctly understood and agreed that the company must deduct from the earnings of each and every man in its employ who refuses to report for work the sum of two dollars ($2.00) per day for every day the mine is idle, and only those who in good faith report for work, and work, if required to do so by the management, shall be exempted from paying this fine. All such fines shall be sent by the company to the arbitration board and final disposition made by that board. Any company failing to assess and collect the penalty herein provided shall be assessed by the arbitration board an equal amount.

"It is understood and agreed that if on account of any disputes or differences the mine is closed by the company, and the men are locked out, or should the company refuse to appear before the arbitration board, or abide by its decision, such company shall pay a fine of two dollars ($2.00) per day for each and every employe affected by this agreement in its employ for each and every day the mine is closed and the men are locked out, or that fails to put into effect the decision of the arbitration board.

"All fines assessed against employes under this agreement shall be collected by the company from the pay for the half month in which the violation of the agreement occurred, or the first money due thereafter, and all fines assessed against the company

shall be remitted within ten days after official notice is given in writing by the referee."

Charging that they were members of the local union No. 3348, United Mine Workers of America, district 19, and that the Mahan Jellico Coal Company, their employer, arbitrarily closed down its mine for a period of eighty working days and locked them out because they refused to surrender their charter, plaintiffs, James Martin and others, suing for themselves and others similarly situated, brought this action against the coal company to recover the sum of $2.00 per day per man for each day the mine was closed, or a total of $32,000.00. A demurrer was sustained to the petition, and the petition dismissed. Plaintiffs have appealed.

The agreement expressly provides that "all fines assessed against the company shall be remitted within ten days after official notice is given in writing by the referee." In other words, the fines are not payable by the company until the required notice has been given, and the failure to allege that notice was given renders the petition bad on demurrer. This conclusion makes it unnecessary to determine whether the fine is a penalty or liquidated damages, or whether plaintiffs have such an interest in the accumulated fines that they may recover in a direct action brought for that purpose, or to decide any other question bearing on the sufficiency of the petition.

Judgment affirmed.